*Welch, J.
It is unnecessary to decide the question mainly argued by counsel — whether the deed was in fact delivered —or to inquire into plaintiff’s right, as between him and the railroad company, to rescind the contract of sale or to have a lien for the value of the stock. We think the plaintiff, under the circumstances, is estopped.!, as against these mortgagees, from denying the delivery of the deed, or setting up any claim to the premises. By his own acts in putting the land and the deed of conveyance therefor into the possession of the company, he has plainly said to the world that the company was the owner of the land, and might safely be dealt with as such. To allow him now to set up claims inconsistent with these acts and to the prejudice of the mortgagees, would be, in effect, to work a fraud upon their rights.
The plaintiff’s petition will be .dismissed as to the mortgagees; and the plaintiff, if he desires it, can have judgment against the company for the value of the railroad stock — 28 per cent. — with a junior lien upon the mortgaged premises for its payment.
Decree accordingly.
Day, C. J., and White, .Bsxnkebhoee, .and . Soott, JJ., concurred.